UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PEYTON H. HEMINGWAY,<br><br>                Plaintiff,<br>v.<br>GABRIEL L. GRASSO P.C.,<br><br>                Defendant. | Case No. 2:16-cv-01253-GMN-PAL<br><br>**ORDER**<br><br>(Mot. Reopen Case – ECF No. 6) |

       This matter is before the court on Plaintiff Peyton H. Hemingway's Motion to Reopen Case (ECF No. 6), filed October 3, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

       Plaintiff is a *pro se* prisoner in the custody of the Clark County Detention Center. On July 28, 2016, Plaintiff received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* Order (ECF No. 4). The court informed Plaintiff that his Complaint would be screened pursuant to 28 U.S.C. § 1915A once he paid an initial partial filing fee of $10.67. *Id*. The court allowed Plaintiff 30 days to have the designated fee sent to the Clerk of the Court, on or before August 29, 2016. *Id*.

       On September 14, 2016, the court entered a Report of Findings and Recommendation (ECF No. 5), which recommended to the district judge that this case be dismissed because Mr. Hemingway failed to comply with the Order (ECF No. 4) instructing him to pay an initial partial filing fee. In response, Mr. Hemingway filed his Motion (ECF No. 6), attaching his inmate balance history report showing that the Clark County Detention Center deducted funds from his account for the partial filing fee. Hemingway therefore requests that the court reopen his case.

       The court contacted its financial department and verified that Mr. Hemingway's initial partial payment was in fact received on August 5, 2016. *See* Receipt (ECF No. 7). However, due

to a clerical error by the financial department, the receipt was not entered on the court's docket until October 6, 2016. This will be corrected.

Mr. Hemingway's case has not yet been dismissed or closed. Thus, the court will treat Hemingway's Motion as a request to reconsider the Report of Findings and Recommendation. The court will vacate and set aside the Report of Findings and Recommendation (ECF No. 5).

In a separate order, the court will screen Mr. Hemingway's Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma pauperis* complaints").[1] If his Complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the Defendant and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c). Accordingly,

**IT IS ORDERED:**

1. Plaintiff Peyton H. Hemingway's Motion to Reopen Case (ECF No. 6) is construed as a motion to reconsider the Report of Findings and Recommendation and GRANTED.
2. The Report of Findings and Recommendation (ECF No. 5) is VACATED, WITHDRAWN and SET ASIDE.
3. The Clerk of the Court is instructed to deliver a copy of this Order to the supervisor of the financial department.
4. The Court will screen Mr. Hemingway's Complaint in a separate order.
5. Mr. Hemingway is advised that even if this action is dismissed in a screening order, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

Dated this 20th day of October, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915A(a) requires district courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."