UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PEYTON H. HEMINGWAY,<br><br>            Plaintiff,<br>v.<br><br>GABRIEL L. GRASSO P.C.,<br><br>            Defendant. | Case No. 2:16-cv-01253-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on a review of Plaintiff Peyton H. Hemingway's Complaint (ECF No. 1-1) pursuant to 28 U.S.C. §§ 1915 and 1915A. This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Hemingway is a prisoner in the custody of the Clark County Detention Center ("CCDC") and is proceeding in this action *pro se*. In July 2016, Hemingway received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* Order (ECF No. 4). The court informed him that his complaint would be screened pursuant to § 1915A once he paid an initial partial filing fee of $10.67. *Id*. The court allowed Hemingway until August 29, 2016, to have the designated fee sent to the Clerk of the Court. *Id*.

On September 14, 2016, the court entered a Report of Findings and Recommendation (ECF No. 5), which recommended dismissal because the court's docket appeared that Hemingway failed to comply with the Order (ECF No. 4) instructing him to pay an initial partial filing fee. In response, he filed a Motion to Reopen Case (ECF No. 6), attaching his inmate balance history report showing that CCDC deducted funds from his account for the partial filing fee. Hemingway therefore asked the court to reopen his case.

The court contacted its financial department and verified that his initial partial payment was in fact received on August 5, 2016. *See* Receipt (ECF No. 7). However, due to a clerical error

by the financial department, the receipt was not entered on the court's docket until October 6, 2016. The court construed Hemingway's Motion as a request for reconsideration and entered an Order (ECF No. 8) vacating and setting aside the Report of Findings and Recommendation (ECF No. 5). The court further stated that it would screen the complaint in a separate order. *Id*.

The court will now screen the complaint.

I. **SCREENING THE COMPLAINT**

Federal district courts are required to screen *in forma pauperis* complaints prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (the "PLRA")); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be cured).

A. **Mr. Hemingway's Factual Allegations and Claims for Relief**

The Complaint (ECF No. 1-1) names Hemingway's criminal defense attorney, Gabriel L. Grasso, as a defendant. Mr. Grasso is Hemingway's counsel in a state criminal matter in which Hemmingway is charged with conspiracy to commit kidnapping, conspiracy to commit murder, conspiracy to commit robbery, first degree kidnapping with use of a deadly weapon, murder with use of a deadly weapon, and robbery with use of a deadly weapon.

Hemingway's claims arise from his complaints with Grasso's performance in the state criminal case. Hemingway alleges that Grasso has failed to provide effective assistance of counsel

1  and violated the American Bar Association's rules regarding competence, diligence, communication, and scope of representation. Pursuant to 42 U.S.C. § 1983, Hemingway asserts that his Sixth, Eighth, and Fourteenth Amendment rights were violated. The Complaint also indicates that he filed a grievance against Grasso with the State Bar of Nevada in Case No. OBC16-0502. He wants Mr. Grasso removed from his case.

### B. Legal Standard

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §§ 1915 and 1915A is the same as standard under Rule 12(b)(6) the Federal Rule of Civil Procedure[1] for failure to state a claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); *Washington*, 833 F.3d at 1055. Pursuant to Rule 12(b)(6), a district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

---

[1] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

For the reasons discussed below, the court finds that the complaint fails to state a claim upon which relief can be granted, and it is clear that the deficiencies cannot be cured by amendment. The court, therefore, recommends that the complaint be dismissed.

**C.     Analysis**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "is not itself a source of substantive rights," it merely provides a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (emphasis added) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

The Sixth Amendment to the United States Constitution provides an accused in a criminal prosecution with certain rights, including the assistance of counsel in his defense. U.S. Const. Amend. VI. The Supreme Court has recognized that public defenders are not acting under color of law when they act in their traditional role as advocate. *See, e.g.*, *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981) (a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel" to a

criminal defendant); *see also Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (relying on *Polk County* to determine that federal public defenders are not acting under color of federal law for purposes of *Bivens* action). A criminal defense attorney does not act under the color of law when representing criminal defendants because he is not acting on behalf of the government; rather, he is the government's adversary. *Cf. Polk Cnty.*, 454 U.S. at 323 n.13.

Here, Mr. Hemingway attempts to assert § 1983 claims against his court appointed attorney, Mr. Grasso. However, he fails to state a colorable claim for relief because Mr. Grasso is not a state actor. Numerous Supreme Court and Ninth Circuit cases hold that Grasso is not acting under the color of law when providing Hemingway legal counsel because he is acting as Hemingway's defense counsel in a traditional role as advocate. Therefore, he cannot state a colorable § 1983 claim against Grasso or his law firm.

To the extent that Hemingway asks this court to take action regarding his pending state criminal prosecution, the court lacks jurisdiction. The *Younger* abstention doctrine prevents federal courts from interfering with pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ----, 134 S. Ct. 584, 588 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings"); *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) (*Younger* applies to damages claims as well as claims for injunctive or declaratory relief). If *Younger* abstention applies to a claim for injunctive relief, a court may not retain jurisdiction, and should dismiss the action. *Juidice v. Vail*, 430 U.S. 327, 337 (1977); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) (if *Younger* requirements are met, "a district court must dismiss the federal action").

Based on the pending criminal case described in the complaint, it appears that *Younger* abstention is required. Criminal proceedings implicate important state interests and policies.

*Moore v. Sims*, 442 U.S. 415, 423 (1979) (explaining that *Younger* was first articulated with reference to state criminal proceedings); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600–05 (1975) (a state has an important interest in enforcing its criminal laws). Additionally, the state criminal process provides a "fair and sufficient opportunity" to address federal constitutional rights, *Kugler v. Helfant*, 421 U.S. 117, 124 (1975), including the Sixth Amendment right to assistance of counsel. If Mr. Hemingway is dissatisfied with his defense counsel, he must seek relief from the state court presiding over his criminal case. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (a criminal defendant can "adequately litigate in the ongoing state criminal proceedings his underlying claim of unconstitutional deprivation of counsel"); *see also Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (noting that the state has an important interest in regulating attorneys who are authorized to practice law in the state and ethical complaints filed against them).

Mr. Hemingway would ordinarily be given leave to amend a deficient complaint upon an initial screening; however, it is clear from the face of his complaint that this deficiency cannot be cured by amendment. Thus, the court recommends dismissal.

Accordingly,

**IT IS RECOMMENDED:**

1. Plaintiff Peyton H. Hemingway's Complaint (ECF No. 1-1) be DISMISSED.

2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 21st day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules

of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.